RIDER & DRIVER PUB. CO. v. ROUGH RIDER HORSESHOE CO.

(Supreme Court, Appellate Division, First Department.   June 5, 1903.)

1. CORPORATIONS—OFFICERS—AUTHORITY.
    The fact that one is treasurer of a corporation does not give him authority to bind it by a statement that a sum due by another corporation will be paid by the one of which he was treasurer.

2. SAME—CONTRACTS.
    In an action against a corporation for a bill for advertising, it appeared that defendant's treasurer had stated to plaintiff that the defendant would pay the bill, but it was shown that the order for the advertising had been given by another corporation, and there was no evidence to show that defendant had authorized the insertion of the advertisement. *Held*, that there was no evidence to justify a judgment against defendant.

Appeal from Trial Term, New York County.

Action by the Rider & Driver Publishing Company against the Rough Rider Horseshoe Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

J. M. Gorman, for appellant.
Lewis H. Freedman, for respondent.

INGRAHAM, J.   The plaintiff, a domestic corporation, engaged in publishing a newspaper in the city of New York, alleges that at divers times prior to the 1st day of May, 1902, the plaintiff rendered to the defendant its account, and the said account was received and retained by the defendant without objection, and thereby an account was stated between the plaintiff and the defendant.   There is no allegation in the complaint that the plaintiff rendered any service to the defendant, or that there was any indebtedness upon which this account was rendered.   The material allegations in the complaint were denied by the defendant.   Upon the trial the plaintiff's bookkeeper testified that at the close of each month he made a bill according to the ledger; that on April 30th he made such bill, which was handed to the office boy who had charge of the copying and mailing of bills, and again on May 31st he made another such bill, which he handed to the treasurer of the company.   This bill was as follows:

"New York, Feb. 28, 1902.
"To Rough Rider Horseshoe Company, 149 Broadway.
            "To Rider and Driver Pub. Co., Dr.
a/c rendered ......................................................... $1,018.50"

The treasurer of the company testified that the plaintiff did advertising for the defendant for a period of six months or thereabouts, which consisted of a half-page advertisement; that such advertising was done at an agreed price between the parties, at the rate of 10 cents per line, or $21 each issue for half page; that the advertising amounted to $1,018.50; that "that includes some advertising that was done on the first instance for a concern known as the Expanding Tread Company"; that there was a bill made out on the 15th of

February, 1902, addressed to the defendant; that the witness took that bill to the defendant's office, and saw a Mr. Comer; that Comer told the witness that they would have to stop advertising, as there were no funds to carry on the business of the company or to pay for any more advertisements; that the witness asked Comer if he thought it would be necessary to sue the company, and Comer said no, that a Mr. Hanan, the man that held all the stock, would not permit any bills to go unpaid; that the witness again saw Comer about the bill which the plaintiff had against the Expanding Tread Company, and Comer stated that they were organizing a new company, to be called "The Rough Rider Horseshoe Company" (defendant), and that the plaintiff's bill would be carried over; that the new company would assume all the honest debts; that part of the bill that Comer told the witness would be assumed by the defendant was for work which had been done for the Expanding Tread Company; that Comer said he was the treasurer of the new company. Upon cross-examination the witness testified that the original order for this advertising was given by the Expanding Tread Company; that a part of the advertisement appeared as the advertisement of the Expanding Tread Company; that in this bill there was rendered the account of the Expanding Tread Company, with which some other accounts of the Rough Riders were mingled. Upon this testimony the plaintiff rested. The defendant introducing no evidence, the court directed a verdict for the full amount claimed.

I do not see how this judgment can be sustained. There was no evidence that Comer had any relation to the defendant, except his own declaration that he was its treasurer, which is certainly not evidence of Comer's authority to bind the defendant. Nor is there any evidence that the defendant ever authorized the plaintiff to insert any advertisement for it, or ever legally assumed any obligation for the indebtedness of the Expanding Tread Company. Assuming, however, that there was evidence that Comer was the defendant's treasurer, and had authority to act for the defendant, there was, so far as appears, no consideration for any promise of Comer's on behalf of the company which would entitle the plaintiff to recover from the defendant the amount due in consequence of the original order for advertising given by the Expanding Tread Company. The plaintiff's treasurer testified that there was an advertisement carried for the defendant company, but that the order was given by the Expanding Tread Company; but there was no evidence to show that the defendant company had ever authorized the plaintiff to insert such advertisement on its account; no employment by the defendant or contract with the defendant which would make the defendant liable; no services rendered to the defendant; no obligation of the defendant to pay the plaintiff anything except that based upon the delivery of a bill to Comer for services rendered to another corporation, with an opinion by Comer that a person who held stock in the defendant company would not allow the bill to remain unpaid. Certainly this was insufficient to justify a judgment against the defendant. This question was discussed by Mr. Justice Hatch, when in the Superior Court of Buffalo, in Austin v. Wilson, 11 N. Y. Supp. 565. We adopt

the opinion in that case as decisive of this case, which renders a further discussion unnecessary.

It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.